CONFESSION OF ERROR

ROTHENBERG, Judge.
The defendant, Lazaro Rubina Perez (“Perez”), appeals from the trial court’s denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Based upon the State’s proper confession of error, we reverse and remand for a reduction of the defendant’s sentence in count 2 for attempted burglary of an unoccupied dwelling in case number 92-13630(A).
On August 3, 1992, Perez entered into a negotiated plea with the trial court wherein he agreed to plead guilty to criminal mischief (count 1) and attempted burglary of an unoccupied dwelling (count 2) in exchange for a suspended sentence on count 1 and a ten-year sentence on count 2, which would be mitigated to three and one-half years upon his surrender from an agreed upon seven-day furlough. When Perez failed to surrender and absconded, the ten-year sentence became self-executing.
After Perez was arrested in the State of New York and extradited to Florida to serve his sentence, he filed a 3.800(a) motion, contending that his sentence was unlawful for reasons not relevant to this appeal. That motion was denied on July 13, 2003. Thereafter, on April 22, 2005, Perez filed the instant motion wherein he argued that the ten-year sentence imposed for attempted burglary of an unoccupied dwelling was illegal as it exceeds the statutory maximum. We agree. While burglary of an unoccupied dwelling is a second degree felony, Perez was charged with and convicted of an attempted burglary of an unoccupied dwelling, which pursuant to section 777.04(4)(e), Florida Statutes (1991), reduces the offense to a third degree felony, carrying a maximum sentence of five years incarceration. Accordingly, we reverse the trial court’s March 24, 2006 order denying relief and remand for a reduction in the sentence imposed in count 2 for attempted burglary of an unoccupied dwelling from ten years to five years. The defendant need not be present.
Reversed and remanded.